# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL NO. 11-0011-WS-M |
| ) | |
| PEDRO PEREZ HERNANDEZ, ) | |
| ) | |
| Defendant. ) | |

## ORDER

This matter comes before the Court on defendant Pedro Perez Hernandez's filing styled "Petition Requesting Change of Venue" (doc. 99). In this motion, Perez explains that he intends to file a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, but that he wishes to do so in some other district court, not this one. According to Perez, "there exists a great prejudice against him" by this Court, such that Perez now desires "a change of venue to different jurisdiction wher[e]in he would have a fair decision of his petition" under § 2255. (Doc. 99, at 2, 4.)

Defendant's request for change of venue is meritless. To be sure, Perez is correct that this Court has ruled against him in his attempts to withdraw his guilty plea. So did the Eleventh Circuit Court of Appeals. (*See* doc. 84.) Perez references two letters he sent to the undersigned on September 25, 2011, and suggests that this Court wrongfully withheld those documents. Defendant is mistaken. Both letters were docketed by the Clerk of Court on October 11, 2011 and are found in the court file at document 25. Perez also cites this Court's failure to grant him an evidentiary hearing with regard to a *pro se* filing (doc. 28) dated October 11, 2011, in which he complained about his counsel's performance and requested appointment of substitute counsel. The facts are that this Court did conduct a hearing on Perez's motion on October 19, 2011, after which it allowed Perez's counsel to withdraw, appointed new counsel for him, and continued the sentencing date, rendering Perez's October 11 filing moot. (*See* docs. 29, 31.) And Perez objects that this Court did not allow him to present certain statements at his sentencing hearing, even though the transcript reflects that the Court asked – and Perez could not explain – what relevance those statements had to sentencing issues (as opposed to his previously litigated and

denied motion to withdraw guilty plea).[1] None of these facts and circumstances evince judicial bias or prejudice, or suggest in the slightest that Perez's ability to get a fair hearing on his forthcoming § 2255 motion is or may be somehow compromised.

The larger point, of course, is that Perez's motion is effectively seeking recusal of the undersigned on grounds of bias and prejudice, based solely on adverse rulings entered in this case. The law is crystal clear that a judge is not disqualified from presiding over a matter simply because a litigant is unhappy with the judge's earlier rulings in the same matter. *See United States v. Amedeo*, 487 F.3d 823, 828 (11th Cir. 2007) ("judicial rulings alone almost never constitute a valid basis for a bias or partiality motion" and "opinions held by judges as a result of what they learned in earlier proceedings do *not* constitute bias or prejudice") (citations and internal quotation marks omitted); *United States v. Berger*, 375 F.3d 1223, 1227 (11th Cir. 2004) ("[A]dverse rulings alone do not provide a party with a basis for holding that the court's impartiality is in doubt.") (citation omitted); *Loranger v. Stierheim*, 10 F.3d 776, 780 (11th Cir. 1994) ("as a general rule, a judge's rulings in the same case are not valid grounds for recusal"); *Johnson v. Monaco*, 2009 WL 3028157, *2 (11th Cir. Sept. 23, 2009) ("The Johnsons' disagreement with the court's rulings, however, provides an inadequate basis for recusal.").

Defendant's Petition Requesting Change of Venue (doc. 99) on grounds of alleged bias or prejudice is **denied**.

ONE and ORDERED this 13th day of March, 2014.

        s/ WILLIAM H. STEELE
        CHIEF UNITED STATES DISTRICT JUDGE

---

[1] Perez was allowed to summarize the contents of those statements at the sentencing hearing, after which the Court explained to him as follows: "I have already addressed your issue with regard to withdrawing your guilty plea. You know that I denied your motion and we have decided to proceed today based on your guilty plea. I know you disagree with that, but you must understand that's why we are here today. … I don't see that there is anything in the content of those documents that would affect the sentencing today, that would affect the sentencing guidelines or would affect any adjustments that may come as a result of application of the factors and principles of section 3553(a) of Title 18." (Doc. 65, at 13-14.)