# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| PEDRO PEREZ-HERNANDEZ, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| ) | |
| v. ) | CRIMINAL NO. 11-0011-WS-C |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## ORDER

This closed matter comes before the Court on defendant's filing styled "Request Permission to Withdraw a Guilty Plea Pursuant Section 2241, and for Attorney Pursuant Sec. 3000(A)" (doc. 159).

In June 2011, defendant, Pedro Perez-Hernandez, entered a guilty plea, pursuant to a written plea agreement, to one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). (*See* doc. 19.) Beginning shortly before his sentencing hearing, and continuing through the present day, Perez-Hernandez has repeatedly sought to have his guilty plea set aside. Both this Court and the Eleventh Circuit Court of Appeals have examined these legal challenges in substantial detail, and have denied his challenges to the validity of his guilty plea. *See, e.g.,* docs. 48, 84, 146, 148, 149. Most recently, the undersigned entered an Order on April 22, 2016, summarizing defendant's persistent and meritless efforts as follows:

> "The bottom line is this: Perez-Hernandez has spent nearly five years trying to withdraw and set aside his guilty plea. Despite all of his arguments and protestations, however, he has failed to meet his heavy burden of making the requisite showing under Rule 11(d)(2)(B), Fed.R.Crim.P. The undersigned remains convinced that petitioner's guilty plea was entered knowingly and voluntarily, for reasons stated in this Court's previous rulings, the Eleventh Circuit's opinion on direct appeal, and the Report and Recommendation."

(Doc. 158, at 3.)

In his current Motion, Perez-Hernandez seeks to relitigate his request to withdraw his guilty plea yet again. He has unsuccessfully pursued such a request multiple times. The issue

has been fully and finally litigated several times over. Framing his current "Request" as one to the Clerk of Court pursuant to 28 U.S.C. § 2241 does not grant him license to relitigate this frivolous issue yet again, after it has been repeatedly, definitively resolved against him, including on direct appeal and, most recently, in his failed § 2255 motion. *See, e.g., Stoufflet v. United States*, 757 F.3d 1236, 1242 (11th Cir. 2014) ("we conclude that Stoufflet is procedurally barred from relitigating the voluntariness of his plea in a motion to vacate his sentence because he has already raised that issue in his direct appeal"); *United States v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir. 2000) ("The district court is not required to reconsider claims of error that were raised and disposed of on direct appeal. … [O]nce a matter has been decided adversely to a defendant on direct appeal it cannot be re-litigated in a collateral attack ….") (citations and internal quotation marks omitted). Besides, defendant's motion, though nominally brought under § 2241, is really an unauthorized second or successive § 2255 motion because Perez-Hernandez is challenging the validity of his sentence. *See generally Darby v. Hawk-Sawyer*, 405 F.3d 942, 945 (11th Cir. 2005) ("a petitioner who has filed and been denied a previous § 2255 motion may not circumvent the successive motion restrictions simply by filing a petition under § 2241").

As for defendant's request for appointment of counsel, he attaches a copy of a "Request for Appointment Counsel" that was previously filed in this District Court back on August 21, 2014. (*See* doc. 118.) Magistrate Judge Cassady denied that request via Order (doc. 121) dated September 12, 2014. There are no new circumstances or considerations that would warrant revisiting that decision today, much less appointing a lawyer to help Perez-Hernandez pursue a claim to withdraw his guilty plea, where such claim has been thoroughly examined and definitively rejected multiple times already.

For all of the foregoing reasons, defendant's "Request Permission to Withdraw a Guilty Plea Pursuant Section 2241, and for Attorney Pursuant Sec. 3000(a)" (doc. 159) is **denied** as repetitive, abusive and frivolous. The Court further **certifies** that any appeal would be frivolous and would not be taken in good faith, such that Perez-Hernandez will not be allowed to appeal *in forma pauperis* from this ruling.

DONE and ORDERED this 17th day of August, 2016.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE